IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANET TEMPLES<br><br>PLAINTIFF,<br><br>V.<br><br>BRAN HOSPITALITY VIDALIA, INC.<br>d/b/a HAMPTON INN VIDALIA, JAI<br>AMRIT, and SHRAD AMRIT,<br><br>DEFENDANTS. | Civil Action No.:<br>5:22-cv-00206<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Janet Temples ("Plaintiff"), by and through the undersigned attorney, respectfully submits the following Complaint:

## INTRODUCTION

1. Plaintiff is a former employee of Bran Hospitality Vidalia, Inc. d/b/a Hampton Inn Vidalia (hereinafter referred to as "Defendant Bran Hospitality"). Plaintiff brings this action against Defendants Bran Hospitality, Jai Amrit, and Shrad Amrit for failure to pay Plaintiff minimum wage as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and at a rate of one-and-one-half her regular rate of pay for all hours worked in excess of 40 hours per week. Additionally, Plaintiff asserts a claim of retaliation in violation of the FLSA. Plaintiff also asserts a state law breach of contract claim.

## PARTIES

2. Plaintiff is a resident of the state of Georgia and submits herself to the jurisdiction of the Court.

1

3. Defendant Bran Hospitality is a for-profit Georgia corporation with its principal place of business located at 732 Main Street, Perry, GA 31069.

4. Defendant Bran Hospitality may be served with process through its Registered Agent, Shrad Amrit, 732 Main Street, Perry, GA 31069.

5. Based on corporate filings with the Georgia Secretary of State, it appears that Defendant Bran Hospitality is related to other entities that operate a number of hotels under a common enterprise and ownership. Each Bran entity has the same principal place of business and registered agent, and is owned by the same family, upon information and belief.

6. At all relevant times, Defendant Bran Hospitality has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

7. At all relevant times, Defendant Bran Hospitality has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have ben moved in or produced for commerce by any person."

8. On information and belief, at all relevant times, Defendant Bran Hospitality has had an annual gross volume of sales or business done in excess of $500,000.

9. At all relevant times, Defendant Bran Hospitality has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

10. At all relevant times, Defendant Bran Hospitality was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

11. Defendant Bran Hospitality is governed by and subject to 29 U.S.C. § 206 and 29 U.S.C. § 207.

12. Defendant Jai Amrit owns and operates Bran Hospitality. Defendant Jai Amrit acts directly or indirectly on behalf of Bran Hospitality and exercises day-to-day control over the operations and pay practices of Bran Hospitality. Defendant Jai Amrit is an employer within the meaning of the FLSA.

13. Defendant Shrad Amrit owns and operates Bran Hospitality. Defendant Shrad Amrit acts directly or indirectly on behalf of Bran Hospitality and exercises day-to-day control over the operations and pay practices of Bran Hospitality. Defendant Shrad Amrit is an employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

15. Pursuant to 28 U.S.C. § 1391, venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division and Defendants are located in Perry, Georgia.

## FACTUAL ALLEGATIONS

16. Plaintiff began her employment with Defendant Bran Hospitality on or about January 17, 2022 as a General Manager of Hampton Inn Vidalia located at 3303 East First Street, Vidalia, Georgia 30474.

17. On January 10, 2022, Plaintiff received an employment contract, which she signed, which states the following:

**Compensation**

As compensation for the services provided, the Employee shall be paid a wage of **$28,000.00** per annum and will be subject to an annual/monthly performance review. However for the first six months your salary will be based on $26000 per annum. This is due to the fact that you will be going through management and leadership training until and to be a certified General Manager of Hampton Inn Vidalia.

Attached as **Exhibit A** is a copy of the Employment Contract.

18. On January 17, 2022 Plaintiff began her two-week training period. Plaintiff worked 61 hours the first week and 67 hours the second week. Plaintiff kept clock-in and clock-out records for her first two weeks of employment and submitted them to Defendants but was told that because she was salaried, her hours did not matter, and she did not need to keep track of her hours.

19. Plaintiff was not paid for her two-week training period.

20. Following Plaintiff's two-week training period, Plaintiff worked well in excess of 40 hours per week, typically between 55-65 hours per week as she had to train new employees and work when other employees did not show up to work, which meant she would come in for double shifts despite being only scheduled for a single shift.

21. There were at least two weeks where Plaintiff worked 95-100 hours in one week.

22. To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the FLSA, an employee must be compensated on a salary basis of not less than $684 per week. 29 C.F.R. § 541.600(a).

23. Plaintiff was compensated approximately $500 per week.

4

24. Therefore, Plaintiff was not exempt under the FLSA and should have been paid at a rate of one-and-one-half her regular rate of pay for all hours worked in excess of 40 hours per week.

25. Plaintiff was not paid overtime for hours worked in excess of 40 hours per week.

26. Plaintiff raised complaints several times during her employment regarding her salary. Specifically, on or about February or March 2022 Plaintiff sent a text or email to Defendant Jai Amrit regarding the pay being too low for her to live off the salary, especially given the number of hours she was working in a week, which was well in excess of 40 hours a week.

27. Additionally, Plaintiff complained to Tonia Brownwell, General Manager of Home2 Suites by Hilton Vidalia, regarding the low pay.

28. Prior to Plaintiff's hire, Ms. Brownwell was the General Manager over both Home2 Suites by Hilton Vidalia and Hampton Inn Vidalia, both owned by Defendants.

29. Plaintiff told Ms. Brownwell on several occasions, including one week before Plaintiff's termination, that the pay was too low for her to live off the salary, especially given the number of hours she was working in a week, which was well in excess of 40 hours a week.

30. On May 2, 2022, Plaintiff's employment was abruptly terminated. Plaintiff was told by Ms. Brownwell that she was being terminated because she was allegedly more worried about her pay than the actual job.

31. Plaintiff was not paid for the following dates: April 25, April 26, April 27, and May 2.

32. Plaintiff followed up with Defendants several times for her pay for those four days but they refused to pay her.

33. Throughout Plaintiff's employment, Plaintiff was not exempt from the minimum wage requirements and maximum hour requirements of the FLSA by reason of any exemption set forth in the FLSA.

34. Defendants were, or should have been, aware that the FLSA applied to Plaintiff.

35. Defendants' failure to pay Plaintiff at the rate required by the FLSA was willful and was not in good faith.

**COUNT I**
**WILLFUL FAILURE TO PAY MINIMUM WAGE**
**IN VIOLATION OF THE FLSA**
**(ALL DEFENDANTS)**

36. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

37. Plaintiff asserts this count pursuant to 29 U.S.C. § 216(b).

38. At all relevant times, Defendant Bran Hospitality was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

39. At all relevant times, Defendants employed Plaintiff and Plaintiff was Defendants' employee, pursuant to 29 U.S.C. §§ 203(e), 203(g).

40. On information and belief, at all relevant times, Defendant Bran Hospitality has had an annual gross volume of sales or business done in excess of $500,000.

41. The FLSA requires covered employers like Defendants to pay employees like Plaintiff federal minimum wage for hours worked. *See* 29 U.S.C. § 206(a).

42. Plaintiff does not fall under any of the exemptions to the minimum wage requirements of the FLSA. *See* 29 U.S.C. § 213.

43. At all relevant times, Defendants knew that at times, including but not limited to, during her first two weeks of training, her last week of employment, and any week in which Plaintiff worked more than 68.96 hours, Plaintiff was not paid federal minimum wage for her work, and willfully and intentionally failed to pay Plaintiff the federal minimum wage. *See* 29 U.S.C. § 255.

44. Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

45. Defendants' willful failure and refusal to pay Plaintiff the federal minimum wage for hours worked violates the FLSA. *See* 29 U.S.C. § 206.

46. As a direct and proximate result of these unlawful practices, Plaintiff continues to suffer wage loss and is therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of her claims, liquidated damages, pre-and post- judgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**WILLFUL FAILURE TO PAY OVERTIME WAGES**
**IN VIOLATION OF THE FLSA**
**(ALL DEFENDANTS)**

47. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

48. Plaintiff asserts this count pursuant to 29 U.S.C. § 216(b).

49. At all relevant times, Defendant Bran Hospitality was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

50. At all relevant times, Defendants employed Plaintiff and Plaintiff was Defendants' employee, pursuant to 29 U.S.C. §§ 203(e), 203(g).

51. On information and belief, at all relevant times, Defendant Bran Hospitality has had an annual gross volume of sales or business done in excess of $500,000.

52. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff at a rate of one-and-one-half her regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207.

53. Plaintiff does not fall under any of the exemptions to the maximum hour requirements of the FLSA. *See* 29 U.S.C. § 213.

54. To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the FLSA, an employee must be compensated on a salary basis of not less than $684 per week. 29 C.F.R. § 541.600(a).

55. Plaintiff worked more than 40 hours per week for Defendants.

56. At all relevant times, Defendants did not properly compensate Plaintiff for all hours worked in excess of 40 in a workweek, as required by the FLSA.

57. At all relevant times, Defendants knew that Plaintiff worked overtime without proper compensation, and willfully and intentionally failed and refused to pay at a rate of one-and-one-half her regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 255.

58. Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

59. Defendants' willful failure and refusal to pay Plaintiff overtime pay violates the FLSA. *See* 29 U.S.C. § 207.

60. As a direct and proximate result of these unlawful practices, Plaintiff continues to suffer wage loss and is therefore entitled to recover overtime pay for up to three years prior to the filing of her claims, liquidated damages, pre-and post- judgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT III**
**RETALIATION IN VIOLATION OF THE FLSA**
**(ALL DEFENDANTS)**

61. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

62. Plaintiff asserts this count pursuant to 29 U.S.C. § 215(a)(3).

63. Plaintiff raised complaints several times during her employment regarding her salary. Specifically, on or about February or March 2022 Plaintiff sent a text or email to Defendant Jai Amrit regarding the pay being too low for her to live off the salary, especially given the number of hours she was working in a week, which was well in excess of 40 hours a week.

64. Additionally, Plaintiff complained to Ms. Brownwell, General Manager of Home2 Suites by Hilton Vidalia, regarding the low pay.

65. Prior to Plaintiff's hire, Ms. Brownwell was the General Manager over both Home2 Suites by Hilton Vidalia and Hampton Inn Vidalia, both owned by Defendants.

66. Plaintiff told Ms. Brownwell on several occasions, including one week before Plaintiff's termination, that the pay was too low for her to live off the salary, especially given the number of hours she was working in a week, which was well in excess of 40 hours a week.

9

67. On May 2, 2022, Plaintiff's employment was abruptly terminated. Plaintiff was told by Ms. Brownwell that she was being terminated because she was allegedly more worried about her pay than the actual job.

68. Plaintiff's termination was in retaliation for her engaging in activity protected by the FLSA.

69. As a direct and proximate result of these unlawful practices Plaintiff seeks back pay and lost benefits, front pay, compensatory damages, liquidated damages, pre-and post- judgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
## (DEFENDANT BRAN HOSPITALITY)

70. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

71. Defendant Bran Hospitality sent Plaintiff an Employment Contract which Plaintiff signed, thereby making an employment contract.

72. The Employment Contract states that Plaintiff shall be compensated for services provided.

73. Plaintiff was not paid for her first two weeks of training and for her final week of employment, in violation of the Employment Contract.

74. Although portions of the Employment Contract are void as they violate the FLSA, the Employment Contract contains a severability clause.

75.     As a direct and proximate result of Defendant Bran Hospitality violating the Employment Contract, Plaintiff seeks payment for her first two weeks of training and her final week of employment.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a)     A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

(b)     An award of back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(c)     An award of compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(d)     An award of unpaid wages for minimum wage and overtime pay violations due under the FLSA;

(e)     An award of front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount

(f)     An award of liquidated damages;

(g)     An award of pre-and post- judgment interest;

(h)     An award of costs and expenses of this action, including reasonable attorney's and expert fees; and

(i)     Such other relief as this Court deems just and proper.

Respectfully submitted, this 6th day of June, 2022.

                                          *s/ Jackie Lee*
                                          Jackie Lee
                                          Georgia Bar No. 419196
                                          jackie@leelawga.com
                                          LEE LAW FIRM, LLC
                                          695 Pylant Street N.E., #105
                                          Atlanta, Georgia 30306
                                          Telephone: (404) 301-8973

                                          **COUNSEL FOR PLAINTIFF**